Allison OGDEN, b/n/f A. E. Ogden, et al., Plaintiffs-Appellants,

v.

Wilburn H. KELLEY, Jr. et al., Defendants-Appellees.

Supreme Court of Tennessee.

March 3, 1980.

George E. Barrett, W. Gary Blackburn, Nashville, for plaintiffs-appellants.

Robert B. Littleton, Deputy Atty. Gen., Lee Breckenridge, Asst. Atty. Gen., Nashville (William M. Leech, Jr., Atty. Gen., Nashville, of counsel), for defendants-appellees.

## OPINION

HARBISON, Justice.

In this case plaintiff seeks judicial review of the decision of a hearing officer made pursuant to statutes governing the education of exceptional and handicapped children, T.C.A. §§ 49–2901 to 2959.

Plaintiff, Allison Ogden, is a resident of Williamson County, Tennessee. It is agreed by all parties that she is a handicapped child within the meaning of the statutes. For some time she had been enrolled in a special school in another county which provided residential care as well as an educational program. The Williamson County Board of Education had been paying her tuition at this institution pursuant to the statutes. It later established a program for plaintiff and others in one of its own elementary schools and assigned her there. The parents objected and requested a hearing pursuant to T.C.A. § 49–2947.

A hearing officer was assigned to the case by the State Board of Education. Following a hearing he sustained the position of the local school officials. Plaintiffs and her parents appealed the decision of the hearing officer to the chancery court as authorized by T.C.A. § 49–2947.

After remanding the matter to the hearing officer for the taking of further evidence and after hearing some original testimony relating to procedural issues, the Chancellor sustained the findings of the hearing officer. He reviewed the case under the provisions of the Uniform Administrative Procedures Act, T.C.A. §§ 4–5–101 to 130.

In the chancery court the Williamson County Board of Education contended that the case was not controlled by the Uniform Administrative Procedures Act, since that Act does not apply to county and municipal boards, commissions, and other local agencies. T.C.A. § 4–5–123(a).

Although the Chancellor held otherwise, on appeal the Court of Appeals sustained the position of the local board and held that review was governed by the common law writ of certiorari, T.C.A. § 27–801. Both the original plaintiffs and the State Attorney General, who had intervened, challenged this holding by application for permission to appeal to this Court. Because of the importance of the question in the administration of the statutes governing exceptional and handicapped children, this Court granted review.

■ We are of the opinion that the Court of Appeals was in error in holding that the Uniform Administrative Procedures Act is inapplicable to judicial review of the deci-

sion of a hearing officer appointed by the State Board of Education.

T.C.A. § 49–2947 establishes detailed procedures for review of the educational placement of a handicapped child. After providing for informal conferences at the local level, the statute provides for review by a hearing officer. It states:

"The state board of education shall make and, from time to time, may amend or revise rules and regulations for the conduct of hearings authorized by this section and otherwise for the implementation of its purpose. Among other things, such rules and regulations shall require that the hearing officer or board be a person or composed of persons other than those who participated in the action or who are responsible for the omission being complained of; fix the qualifications of the hearing officer or officers; and provide that the hearing officer or board shall have authority to affirm, reverse or modify the action previously taken and to order the taking of appropriate action. The rules and regulations shall govern proceedings pursuant to this section whether held by the state board of education, or by a county, city, or special school district board of education."

Pursuant to this authority, the State Board of Education has promulgated rules and regulations providing for the appointment and qualification of hearing officers. The pertinent regulation, § 0520–6–1–.13, was made a part of the record in this case. There is no question but that the hearing officer who conducted the proceedings herein was appointed by the State Board in conformity with its regulations.

In the Uniform Administrative Procedures Act, a "contested case" is defined, in part, as follows:

". . . a proceeding . . . in which the legal rights, duties or privileges of a party are required by any statute . . . to be determined by an agency after an opportunity for a hearing." T.C.A. § 4–5–102(2).

The term "agency" is defined as:

". . . each state board, commission, committee, department, officer, or any other unit of state government authorized or required by any statute . . . to make rules or to determine contested cases." T.C.A. § 4–5–102(1).

■ We are of the opinion that the hearing officer appointed by the State Board of Education constituted an "agency" within the foregoing definition and that the review which he conducted of the placement of plaintiff constituted a "contested case."

The provisions of T.C.A. § 49–2947 were enacted in 1972, several years prior to the adoption of the Uniform Administrative Procedures Act. The latter statute is:

". . . remedial legislation designed to clarify and bring uniformity to the procedure of state administrative agencies and judicial review of their determination; . . ." T.C.A. § 4–5–119(a).

By its terms the Uniform Administrative Procedures Act supersedes and repeals earlier procedural statutes applicable to state agencies which conflict with it, with a few exceptions not pertinent here. T.C.A. § 4–5–119(b). *See Metropolitan Government of Nashville and Davidson County v. Shacklett,* 554 S.W.2d 601 (Tenn.1977).

■ Since it is the decision of a hearing officer appointed by the State Board of Education which is under consideration and of which judicial review is sought, we are of the opinion that the provisions of the Uniform Administration Procedures Act were intended to and do govern such judicial review. Although the hearing officer himself was examining and evaluating a decision made by local school officials, both the proceedings before him and judicial review of those proceedings should be conducted under and governed by the Uniform Administrative Procedures Act.

We are of the opinion that the Court of Appeals erred in holding to the contrary. Accordingly its judgment is reversed and the cause is remanded to the Court of Appeals for appellate review of the decision of the Chancellor in accordance with the provi-

sions of the Uniform Administrative Procedures Act. Costs in this Court will be taxed to the Williamson County Board of Education. All other costs will abide the decision of the Court of Appeals.

BROCK, C. J., and FONES, COOPER and HENRY, JJ., concur.